UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

BRIAN BAIN,

    Plaintiff,

v.                                                                           Case No. 8:23-cv-828-CEH-AAS

MANATEE COUNTY JAIL,

    Defendant.
_____/

## ORDER

Plaintiff, a detainee in the custody of the United States Immigration and Customs Enforcement, initiated this action by filing a civil rights complaint (Doc. 1), a motion to proceed *in forma pauperis* (Doc. 2), and a motion to appoint counsel (Doc. 3). In his complaint, Plaintiff alleges in 2005 he was sexually assaulted by another inmate while at the Manatee County Jail (MCJ). He contends MCJ violated his rights under the Eighth Amendment and seeks $25 million in damages.

After examining the complaint in accord with 28 U.S.C. § 1915(e)(2)(B)[1], the

---

[1] A prisoner who is allowed to proceed *in forma pauperis* in this Court will have his complaint screened in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B). This screening procedure requires the Court to dismiss a prisoner's civil action prior to service of process if it determines that the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

1

Court concludes that the complaint must be dismissed because it fails to state a claim upon which relief may be granted. Initially, MCJ, the only named defendant, is not a legal entity amenable to suit. *See Brannon v. Thomas County Jail*, 280 F. App'x 930, 934 n.1 (11th Cir. 2008) ("County Jail is not an entity capable of being sued under Georgia law"); *Maldonado v. Baker Cnty. Sheriff's Off.*, 513 F. Supp. 3d 1339, 1348 (M.D. Fla. 2021) ("[A] sheriff's office, jail, or detention center is not an entity subject to suit under Florida law."). Accordingly, because Plaintiff seeks relief from a party that cannot be sued under Florida law, he fails to state a claim upon which relief may be granted, and the complaint must be dismissed. *See Reyle v. Clay Cnty. Jail*, 2018 WL 2197782, at *1 (M.D. Fla. May 14, 2018) (dismissal without prejudice warranted when only named defendant was the jail).

Even if MCJ could be sued, the claim against MCJ must be dismissed under the applicable statute of limitations. A federal court may *sua sponte* consider a statute of limitations defense in an action under 42 U.S.C. § 1983 if that defense is apparent from the face of the complaint. *Clark v. Ga. Pardons and Parole Bd.*, 915 F.2d 636, 640 n. 2 (11th Cir. 1990). Section 1983 does not contain a statute of limitations, therefore, claims are "governed by the forum state's residual personal injury statute of limitations, which in Florida is four years." *City of Hialeah v. Rojas*, 311 F.3d 1096, 1103 n. 2 (11th Cir. 1990); *Chappell v. Rich*, 340 F.3d 1279, 1283 (11th Cir. 2003).

Plaintiff's complaint was filed in April 2023. The alleged sexual battery at MCJ

2

occurred in 2005, therefore, well over four years before the complaint was filed. Accordingly, Plaintiff's claim is barred by the statute of limitations. *See Johnson v. Greaves*, 366 F. App'x 976, 978 (11th Cir. 2010) (stating that "'[t]he expiration of the statute of limitations is an affirmative defense the existence of which warrants a dismissal as frivolous.'") (quoting *Clark*, 915 F.2d at 640 n.2).

Plaintiff's civil rights complaint (Doc. 1) is **DISMISSED** for failure to state a claim upon which relief may be granted. The Clerk is directed to enter judgment against Plaintiff, terminate any pending motions as moot, and close this case.

**DONE AND ORDERED** in Tampa, Florida on April 28, 2023.

Charlene Edwards Honeywell
United States District Judge

Copy to: Plaintiff, *pro se*